Plaintiff’s contract for the production of antennas for the Air Force was terminated for default, the Air Force demanding excess reprocurement costs. Plaintiff filed appeals to the Armed Services Board of Contract Appeals from both actions; the Board found for defendant on the propriety of the default termination (Appeal No. 11766) and for plaintiff on the issue of excess reprocurement costs (Appeal *997 No. 12271)» In its action in this court, plaintiff seeks Wunder-lich Act review of the default termination, and defendant has counterclaimed on the reprocurement costs issue. On September 29, 1972 the court issued the following order:
This case comes before the court on plaintiff’s motion to dismiss defendant’s counterclaim. Upon consideration thereof and defendant’s opposition thereto, including the original and supplemental briefs of the parties, the court notes that in ASBCA Nos. 11766 and 12271, the Armed Services Board of Contract Appeals found the following:
(a) that the contract specifications for which defendant was responsible were seriously defective and rendered the contract impossible to perform;
(b) that prior to bidding plaintiff was aware that the specifications were deficient, and that shortly after award, at the latest, plaintiff obtained actual knowledge that the contract could not be performed under the existing specifications ;but that
(c) notwithstanding that knowledge plaintiff elected to proceed and attempt performance, thereby assuming the risk of failure, apparently assuming that the defects could be readily overcome in a manner that would be acceptable to the Government. On the basis of these findings, the Board concluded that the plaintiff’s contract was properly terminated for default upon plaintiff’s total failure to submit certain test reports within the contractual time limits (as extended).
On the issue of reprocurement costs, the subject of defendant’s counterclaim, however, the Board found that the defendant had contributed to the circumstances resulting in the default termination of plaintiff’s contract. Having determined that both parties to the contract had been at fault with respect to plaintiff’s unsuccessful attempt at performance, the Board of Contract Appeals decided that neither party could recover anything from the other.
On the basis of the f oregoing, the court concludes that the decision of the Supreme Court in S & E Contractors, Inc. v. United States, 406 U.S. 1 (1972) precludes the Government from obtaining review, under Wunderlich Act standards, of the Board’s decision on the Government’s claim for repro-curement costs; and that the Board’s finding of contributory fault by the Government with respect to the default termina *998 tion of tbe contract is final and binding on tibe Government in its alternative breach of contract action. United States v. Utah Constr. & Mining Co., 384 U.S. 394 (1966). Consequently, we conclude as a matter of law, as the Board did, that the Government may not obtain any recovery from the ’plaintiff whether by assessment of excess reprocurement costs or by an action for 'breach of contract damages.
it is thereby ordered that defendant’s counterclaim be and the same is hereby dismissed.
it is further ordered that, in view of the foregoing, it becomes unnecessary to decide the issues that would be raised by defendant’s claim for common law damages if the sole issue was the Board’s finding that the reprocurement was defective.
BY THE COUNT
( Sgd.) WlLSON CoWEN Chief Judge
On February 16, 1973 the court denied defendant’s motion for rehearing.